DETERMINED IN THE

# Supreme Court of Judicature,

OF THE

## STATE OF NEW JERSEY,

AT NOVEMBER TERM, 1826.

---

### JACOB FOX *v.* MOSES LAMBSON.

This Court will not set aside a judgment rendered at a former term, after solemn argument, on the ground of a legal objection, which might have been raised against said judgment on the former argument, but was omitted by counsel.

---

*Wall* moved to set aside the judgment of non-suit entered in this case at the last term, upon the ground that it had been irregularly ordered. He contended that after there had been one trial, the defendant could never have judgment as in case of non-suit, for any subsequent laches upon the part of the plaintiff in not bringing the cause to trial; but if he wish to dispose of the action, he must take it down for trial by proviso; and cited 2 *Tidd. Pra.* 703 ; 2 *Arch. Pra.* 214 ; *Rev. Laws,* 422, sec. 84 ; *King* v. *Pippett,* 1 *T. Rep.* 492 ; *Mewburn* v. *Langley* 3 *T. Rep.* 1.

*Jeffers* contra, contended that the present application was too late, it should have been made during the term in which the judgment was entered.

*Dayton* replied.

BY THE CHIEF JUSTICE—The present application is too late. What is the ground of it? Merely that the court made an erroneous order at the last term, and that counsel did not take a legal objection to it, which they might have taken at that time. There is no new fact stated. We must suppose the counsel to have been as well apprised of the legal objection then as they are now; and to permit them to come forward at a subsequent term and apply to set aside an order of this court upon a legal objection which they had an opportunity, but omitted, to urge when the order was made, would be opening the door to endless litigation.

As to the point whether the Court can order a judgment as in case of nonsuit where there has been a trial, we express no opinion.

FORD, J. The decision of the last term did not settle the question now raised.

Motion refused.